### M. A. GUNTER v. THE STATE.

No. 4333. Decided January 17, 1917.

**1.—Bigamy—Name of Former Wife—Sufficiency of the Evidence.**

Where, upon trial of bigamy, the indictment alleged that defendant had married Shirley Bishop who was then and there his lawful and living wife, and had subsequently married Hattie Devore, and after the State had closed its tes-

timony, defendant offered testimony that said former wife was a widow at the time defendant married her and that her name was then Shirley Barfield, which was excluded by the court, and the record on appeal showed that there was evidence admitted without objection that the woman the defendant married went by the name of Shirley Bishop, and the testimony which was excluded could have done no more than to show that the same woman also went by the name of Mrs. Shirley Barfield, which would have been cumulative only of testimony already admitted, and there was no question of her identity, there was no reversible error. Following Stokes v. State, 46 Texas Crim. Rep., 357, and other cases.

### 2.—Same—Indictment—Pleading—Name—Rule Stated.

While it is essential in an indictment for bigamy that the name of the lawful wife be alleged therein (following McAfee v. State, 38 Texas Crim. Rep., 124) yet, under the statute, when a person is known by two or more names, it is sufficient to allege either name in the indictment, and when the evidence sustains this allegation, there is no reversible error. Following Morville v. State, 63 Texas Crim. Rep., 553, and other cases.

### 3.—Same—Evidence—Rule Stated—Practice on Appeal.

The exclusion of testimony which tends to prove a fact already proved or which is conceded to exist, or which could not affect the result of the trial, is not reversible error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stevens & Stevens,* for appellant.—Citing McAfee v. State, 38 Texas Crim. Rep., 124; Keneval v. State, 64 S. W. Rep., 897

*C. C. McDonald,* Assistant Attorney General, *John H. Crooker, E. T. Branch,* and *T. J. Harris,* for the State.—On question of name of former wife: Richardson v. State, 71 Texas Crim. Rep., 111, 158 S. W. Rep., 517, and cases cited in opinion.

MORROW, Judge.—Appellant was convicted of bigamy and his punishment assessed at three years confinement in the penitentiary.

The indictment charged that appellant had married Shirley Bishop and that she was his lawful and living wife, and that he subsequently married Hattie Devore. Complaint is made of the exclusion of the testimony of F. D. Bishop to the effect that, at the time his daughter Shirley was married to the appellant she was a widow and that her name was Mrs. Shirley Barfield. The bill of exceptions shows that the witness F. D. Bishop had testified in the case as a witness for the State, and after the State had closed its testimony he was recalled by the appellant and gave the testimony above referred to. The bill was accepted with the following explanation by the trial judge: "The testimony had already shown without objection that the defendant married the daughter of Mr. Bishop, and that her maiden name was Shirley Bishop and that she was the same woman married by the defendant

under a license to marry Shirley Bishop, and the court was of the opinion that it was proper to allege her maiden name."

In an indictment for bigamy it is essential that the name of the lawful wife be given in the indictment. McAfee v. State, 38 Texas Crim. Rep., 124.

Article 456, Vernon's Ann. Code of Crim. Proc., contains the following: "In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names, it shall be sufficient to state either name." It is established that the exclusion of testimony which tends to prove a fact already proven or which is conceded to exist is not reversible error. Michie's Crim. Dig., vol. 1, p. 326, and cases cited. And the exclusion of testimony which could not affect the result is not reversible error. Michie's Crim. Dig., vol. 1, p. 334.

On the trial of the case F. D. Bishop testified that the appellant had married his daughter, Shirley Bishop, on the 11th day of July, 1904. The marriage license showing that M. A. Gunter and Miss Shirley Bishop were married on July 11, 1904, in Polk County, Texas, was introduced in evidence by the State. The appellant testified: "I married Miss Shirley Bishop under the name of Gunter. She was a Barfield at the time. When I married the first time Miss Bishop was a widow, so she said." He urged as his defense that at the time he married Mrs. Devore he believed that his wife Shirley was dead. He testified: "When I heard she was dead I wrote to May Barfield, who lived at Saratoga at the time, who is supposed to be her sister. Sam Barfield, the husband of May, lived at Sour Lake." The above testimony was all received without objection by the appellant, and after it was all given he recalled F. D. Bishop, and he offered to testify that his daughter Shirley was a widow named Mrs. Shirley Barfield at the time of the marriage to appellant, and the court excluded it.

In the case of Morville v. State, 63 Texas Crim. Rep., 553, in an opinion by Judge Davidson, it was stated that there was a prosecution for bigamy, the indictment charging that the appellant, Morville, had previously married Theresa Morville, and while she was living and his lawful wife had married another woman. Testimony was given that witnesses were present at the marriage of appellant with Theresa Deignon. Objection was urged to this testimony on the ground that defendant was not charged with having married Theresa Deignon but with having married Theresa Morville and because there was no charge in the indictment the testimony would support. The court overruled this objection, and this court sustained the ruling in the following language: "The indictment charged that on the 17th of July appellant married Jessie Osteen in Dallas County, and that at that time he had another living wife, towit: Theresa Morville, and that at that time he was lawfully married to Theresa Morville. This does not charge that

he married Theresa Morville under the name of Theresa Morville, but it does charge at the time he married Jessie Osteen, his former wife, Theresa Morville, was then living." The indictment in this case is not in exactly the same language but reads as follows: "On the 9th day of March, A. D. 1914, in said county and State, was then and there a person who had theretofore married Shirley Bishop, who was then and there his lawful wife and was then living and while so married, and while she was alive, he, the said M. A. Gunter, did on the date first aforesaid in said county and State marry another woman, towit: Hattie Devore."

In the case of Nickelson v. State, 53 Texas Crim. Rep., 631, this court, in an opinion by Judge Ramsey, passed on a similar question, wherein it was alleged the appellant had married Ida Ammacher while he had another living wife. The marriage license introduced showed that appellant had married "Eda" Ammacher. The objection of variance was raised at the time and overruled, and this court sustained that action of the trial court.

In the case of Stokes v. State, 46 Texas Crim. Rep., 357, an assault case, the name of the injured party was given in the indictment as Mrs. G. W. Stokes. There was evidence that her name was Eliza Comella Stokes. There was also evidence that she sometimes went by her husband's name, Mrs. G. W. Stokes.

The appellant in this case, in addition to excepting to the exclusion of the testimony of F. D. Bishop mentioned above, excepted to the refusal of the court to exclude the testimony theretofore introduced without objection that the appellant had married Shirley Bishop and here insists that there is no evidence that the woman he married went both by the name of Shirley Bishop and Shirley Barfield. With reference to the proposition that there was no evidence that the woman he married was known by both names, we are constrained to believe that the record fails to bear out the appellant. The testimony has been stated briefly above, and from that statement it appears that the first witness sworn, F. D. Bishop, testified that the appellant married his daughter, Shirley Bishop. Appellant testifies that he married Miss Shirley Bishop and that she was a widow and a Barfield at the time. The marriage license certifies that "the marriage was between M. A. Gunter and Miss Shirley Bishop." These references to the record, in our opinion, show that there was evidence that the woman he married went by the name of Shirley Bishop, and the testimony which was excluded could have done no more than show that the same woman also went by the name of Mrs. Shirley Barfield and would have been cumulative of appellant's testimony to the effect that she was a Barfield at the time. The record raises no question as to the identity of the woman he married.

Our conclusion is that there is no reversible error shown. The judgment of the lower court, is, therefore, affirmed.

*Affirmed.*