# JUNE, 1925.

### W. C. HENSLEY v. THE STATE.

No. 9285.  Delivered June 3, 1925.

#### 1.—Aggravated Assault—Evidence—Not Pertinent—Properly Excluded.

Where appellant offered to prove that after assaulting Mrs. Connor, he spent the night with her husband, the court properly excluded such testimony. The pertinency, of such testimony in the instant case is not apparent to us.

#### 2.—Same—Indictment—Name of Assaulted Female—No Variance.

Where the name of the assaulted female is charged as Mrs. Joe Connor, and the proof showed that she was the wife of Joe Connor, and was called Mrs. Joe Connor, although her christian name was Susie, there was no variance. Art. 456 of our C. C. P. provides that "When a person is known by two or more names, it shall be sufficient to state either name."

#### 3.—Same—Continued.

There are authorities to the effect that when the issue is raised by the evidence, it is proper to call upon the jury to determine whether the person named in the indictment is known by the name given therein. See Bell v. State, 25 Tex. Crim. Appeals 574 and other cases. In the present case there was no such request made.

#### 4.—Same—Bills of Exception—Incomplete—Not Considered.

Unless the bill of exception makes known the evidence which was excluded, this court cannot determine its relevancy, materiality, or incom-

petency.  Omissions of this kind are not supplied by inference.  Following Buchanan v. State, 24 Tex. Crim. App. 195 and decisions collated in Vernons Tex. Crim. Stats. Vol. 2 page 542 note 29.

Appeal from the County Court of Dallas County at Law No. 2. Tried below before the Hon. Wiley A. Bell, Judge.

Appeal from a conviction of an aggravated assault; penalty, a fine of $250.00.

The opinion states the case.

No brief filed for appellant.

*Shelby Cox,* District Attorney; *G. G. Pierson,* First Assistant District Attorney; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is aggravated assault; punishment fixed at a fine of $250.00.

The name of the injured party, as set out in the information, is Mrs. Joe Conner. The fact that the appellant, an adult male, made an assault upon the said Mrs. Joe Conner, a female, is shown without controversy, and that he struck her a number of blows with his fist is not disputed. Appellant testified in his own behalf that he and the husband of Mrs Conner had had a cotton transaction in which they were partners and in which there had been a profit of a sum of money, one-half of which belonged to the appellant; that Mrs. Conner had possession of the money and refused to accede to his demand that his part of it be delivered and that he became excited and made the assault.

The exclusion of the proffered testimony that after the assault the appellant spent the night with the husband of the prosecutrix is not shown to have been erroneous. Its materialty is not perceived.

In the indictment it is charged that the assault was made upon Mrs. Joe Conner. The prosecutrix testified that her name was Mrs. Joe Conner. Other witnesses described her so. She was the wife of Joe Conner, and on cross-examination she said that her Christian name was Susie. A request that the jury be instructed to acquit the appellant upon the ground of variance was refused. Upon the record before us, we are of the opinion that in refusing to give the charge mentioned, the court was not in error. In the statute upon the subject it is said:

"When a person is known by two or more names, it shall be sufficient to state either name." (C. C. P., Art. 456.)

There are authorities to the effect that when the issue is raised by the evidence, it is proper to call upon the jury to determine whether the person named in the indictment is known by the name given therein. See Bell v. State, 25 Texas Crim. App. 574; Davis v. State,

11 S. W. Rep. 647. In the present case, there was no such request made. The appellant called upon the court to hold that, as a matter of law, there was a variance. The precedents, as we understand them, are against this contention. See Stokes v. State, 46 Texas Crim. Rep. 357; 81 S. W. Rep. 1213; Shores v. State, 150 S. W. Rep. 776.

Bills Nos. 4 and 5 are incomplete in their failure to set out the specific testimony which the appellant expected to elicit in answer to the question propounded. Unless the bill of exceptions makes known the evidence which was excluded, this court cannot determine its relevancy, materiality or incompetency. Omissions of this kind are not to be supplied by inference. Buchanan v. State, 24 Texas Crim. App. 195, and decisions collated in Vernon's Texas Crim. Stat., Vol. 2, p. 452, note 29.

Bill of exceptions No. 6 reflects the complaint of the exclusion of some proffered testimony from the witness Love to the effect that while in his office, Joe Conner was seen in possession of a sum of money and stated that half of it belonged to the appellant; that Conner was under the influence of intoxicants and that his wife took from him all of the money except a small amount. The court in qualifying the bill states that the testimony embraced in the bill was given by Love, and the statement of facts verifies this statement. The evidence shows that appellant, on the morning after the occurrence in Love's office, went to the home of the prosecutrix and attacked her in a violent manner, struck her blows and kicked her, and used vile and obscene language, accompanied by threats to kill her if she did not give him the money. In our opinion, nothing is revealed in the testimony proffered in the bill which would justify the assault. The record shows that the evidence was not excluded, and for that additional reason, the bill is without merit.

Failing to find any errors in the record, the judgment is affirmed.

*Affirmed.*