Deshais v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-129-CR

     PHILIP A. DESHAIS, III,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 230th District Court
Harris County, Texas
Trial Court # 625,590
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Deshais from his conviction for attempted burglary of a
building, for which he was assessed ten years, probated, plus a $200 fine.
      Appellant was indicted for attempted burglary of a building, enhanced by a prior conviction
for burglary. In a bench trial, the court found Appellant guilty, the allegation of a prior felony
conviction true, and assessed his punishment at ten years in prison, probated for ten years, and
a $200 fine.
      Deputy Dinnick testified that he and two other deputies received a silent alarm call to
Furrow's Lumber Yard at 2:00 A.M. on February 7, 1992. Deputy Dinnick saw two men at the
back of the store moving boxes. The three deputies moved toward the men. The men saw the
deputies and ran away but not before Dinnick got a good look at one of their faces. Dinnick later
identified Appellant from a photo spread.
      William Russell Anderson, the store manager for Furrow's, testified that he went to the store
in the early morning hours of February 7, 1992, after being notified of a burglary. The alarm had
been set off by someone trying to open a door at the retail building and forcing it up several inches
above the ground. The door had been completely shut when the alarm was set at 10:00 P.M. the
night before. The burglars had placed two of Furrow's ladders against the back fence and three
boxes containing a sink and two paint sprayers were against the outside of the fence. Appellant's
fingerprints were on one of the paint sprayer boxes.
      Appellant appeals on two points of error.
      Point one asserts: "The evidence was insufficient to support Appellant's conviction, where
the State failed to prove that the person alleged in the indictment was the owner of the premises
at the time of the attempted burglary."
      The indictment alleged the complainant's name was "Rusty Anderson," but the complainant
testified that his name was "William Russell Anderson." There is an abundance of testimony
showing that "William Russell Anderson," who testified, is the same person as "Rusty Anderson,"
named as complainant in the indictment. In fact, the State called "Rusty Anderson" to testify." 
"Rusty Anderson" then stated that his name was "William Russell Anderson." Appellant even
testified that he had been a customer of Furrow's and that the manager of Furrow's was known
to him as "Rusty Anderson."
      In reviewing the sufficiency of the evidence, the appellate court must view the evidence in the
light most favorable to the verdict. Villalon v. State, (Tex. Crim. App.) 791 S.W.2d 130, 132;
Houston v. State, (Tex. Crim. App.) 663 S.W.2d 455, 456. The test requires the appellate court
to determine whether, after viewing the evidence in the light most favorable to the prosecution,
any rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Butler v. State, (Tex. Crim. App.) 769 S.W.2d 234, 239.
            Article 21.07 of the Texas Code of Criminal Procedure provides that "when a person is
known by two or more names, it shall be sufficient to state either name." And the person need
not be commonly known by the name alleged in the indictment. Blankenship v. State, (Tex. Crim.
App.) 785 S.W.2d 158, 160.
      Point one is without merit and is overruled.
      Point two asserts: "The evidence was insufficient to support Appellant's conviction for
attempted burglary, when the State failed to show that the structure that Appellant attempted to
enter was a building as defined by law."
      The Furrow's complex consisted of three structures, two of which are in the back and are
open warehouse structures used for storing lumber. The front structure is a building equipped
with an alarm. The record shows that it was this structure into which entry was attempted. The
store alarm cannot be set if any of the doors are open. The alarm went off because someone had
partially opened one of the doors. Store manager Anderson testified that the door to the storage
room had been completely shut when the alarm was set the night before and that the room can be
accessed only by raising the door. Since that portion of the building that Appellant attempted to
burglarize was an enclosed structure, the evidence was sufficient to support the trial court's
verdict. Texas Penal Code section 30.02 provides that a person commits an offense by entering
any portion of a building not open to the public.
      Under the authorities cited under point one, we hold that the evidence was sufficient for the
trial court to find that the structure Appellant attempted to enter was a building as defined by law.
      Point two is overruled. The judgment of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 13, 1994
Do not publish