NUMBER 13-99-266-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ALEJANDRO LEE MARTINEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Dorsey and

Kennedy(1)

Opinion by Justice Kennedy


 Appellant was convicted by a jury of attempted murder and
aggravated assault. Following his conviction, the trial court conducted
a hearing on punishment and assessed punishment at confinement for
fifty-five years. His appeal raises two issues which challenge the
sufficiency of the evidence, both legally (issue one) and factually (issue
two), to prove that the victim's name was Mariana Chaves, as alleged
in the indictment.

 To determine whether the evidence is legally sufficient to support
the verdict, we view the evidence in the light most favorable to the
verdict and ask whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318, 319; Weightman v. State, 975 S.W.2d 621,
624 (Tex. Crim. App. 1998). In a factual sufficiency review, we examine
all of the evidence impartially and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 In alleging the name of the defendant, or any other person
necessary to be stated in the indictment, it shall be sufficient to state
one or more of the initials of the given name and the surname. When
a person is known by two or more names, it shall be sufficient to state
either name. Tex. Code Crim. Proc. art. 21.07 (Vernon 2001).

 The indictment states that the offenses alleged were committed
upon Mariana Chaves. The evidence shows that the victim was
sometimes called "Becky." The record shows that at least four
witnesses testified either that the victim was known by the name used
in the indictment to identify the victim or that the victim identified
herself by this name. No one testified that the victim was not the
person named in the indictment or that the victim never used this
name.

 If there is evidence that a person was known by the name alleged
in the indictment, then the issue is raised and is properly left to the jury
to determine. Blankenship v. State, 785 S.W.2d 158, 160 (Tex. Crim.
App. 1990). The evidence of the witness's name is neither legally nor
factually insufficient. We overrule both issues raised by appellant's brief
and AFFIRM the judgment of the trial court.

 NOAH KENNEDY

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 12th day of April, 2001.


 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).