Opinion to: SJR TGT TJ EVK ERA GCH LCH JB JS
















Opinion
issued August 31, 2010                                                     

 



 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-08-00531-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IRRUN CHRISTOPHER JONES, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 

 



On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. CR-1151922 

 

 



MEMORANDUM opinion

          Indicted
under the name of Irrun Christopher Jones, a jury convicted appellant of the
offense of assault on a public servant and, after having found two enhancement
paragraphs alleging prior felony convictions to be true, the jury assessed his punishment
at twenty-five years in prison.[2] 

Appellant raises five points of error
on appeal: (1) the judgment against him is void because the indictment named
someone else as having committed the alleged offense; (2) the evidence
supporting the jury’s finding of “true” with regard to the two enhancement
paragraphs is factually insufficient; (3) the trial court abused its discretion
when it admitted irrelevant evidence of an extraneous offense; (4) the trial court
abused its discretion when it admitted evidence of a prior conviction that
occurred more than ten years before appellant’s trial; and (5) the trial court
erred in denying his request for a jury instruction on self-defense.  We affirm.

BACKGROUND

          While
serving time in the Harris County jail, appellant claims to have been beaten by
officers Rene Castro and Jerry Barwald.  Officer
Barwald testified that he observed appellant masturbating in front of a female nurse,
who was distributing medication to appellant and other inmates in the same
general population cell.  When the nurse
became distraught and stopped dispensing medication, the other inmates became
angry with appellant.  In order to
diffuse the situation, Officer Barwald and Officer Castro escorted appellant to
a holdover cell. Officer Barwald left appellant with Officer Castro and headed
for the elevator.  Both officers
testified that appellant walked to the holding cell without a fight, but when
Officer Castro opened the door, appellant stated that he was not going in, then
turned and hit Officer Castro in the face.  Appellant and Officer Castro then exchanged
blows before appellant grabbed Officer Castro’s legs, forcing him to the floor.  Appellant and Officer Castro continued
wrestling on the floor until officers subdued the appellant.

          Testifying
in his own defense, appellant offered a decidedly different version of
events.  Claiming that he would never do
so in front a nurse while in custody, appellant denied he masturbated.  He testified, in essence, that it was the
other inmates queued up in line awaiting distribution of meds who were making
suggestive comments to the nurse and he sought to allay her apprehensions.  When he protested the nurse’s refusal to give
him his medications, he was immediately ordered away from the nurse’s window
into the hallway.  Appellant testified
that, while he was walking with Officers Castro and Barwald, Officer Castro hit
him below the rib cage multiple times without provocation.  When he attempted to lie down on the floor—an
action he claimed as standard procedure for inmates when a situation gets out
of control—Officer Castro grabbed him in a headlock and Officer Barwald jumped
on his back, pushing him to the floor and then handcuffing him.  Although he conceded that he may have grabbed Officer
Castro’s legs or waist, appellant maintained that Castro never fell to the
floor and that he only grabbed the officer to prevent him from hitting him
again. 

          Appellant,
who initially identified himself at trial as Irrun Jones, admitted that he had
been convicted of the following offenses: (1) failure to identify himself to a
peace officer;  (2) assault of a public
servant; (3) burglary of a habitation; and (4) possession
of a controlled substance.  He also testified
that he has been known by two different names: Irrun Jones and his real name,
Alfred Queen.  According to appellant,
when stopped by a police officer years earlier when he was on probation, he
identified himself by the name of a friend, Irrun Jones, and, as a result, the
Harris County Jail and court system also identify him by that name.  At the conclusion of the guilt-innocence
phase of the trial, the jury convicted appellant of assault on a public servant.  

During the punishment phase of the
trial, appellant pleaded “not true” to the two enhancement paragraphs in the
indictment alleging prior convictions for engaging in organized crime and
burglary of a habitation.  The State
introduced five previous judgments and four jail cards into evidence.  The five previous judgments, which listed
the defendant’s name as either Alfred Queen or Irrun Christopher Jones, corresponded
to convictions for burglary of a habitation, engaging in organized criminal
activity, assault on a public servant, possession of a controlled substance,
and failure to identify.  The jail cards,
which also listed
the defendant’s name as either Alfred Queen or Irrun Christopher Jones,
pertained to arrests for the same offenses. 
The State’s fingerprint expert, James Dalrymple, testified that the
fingerprints on the previous judgments and jail cards all matched appellant’s
fingerprint taken during trial.  Finding both enhancement paragraphs
to be true, the jury assessed appellant’s punishment at twenty-five years in
prison.  

DISCUSSION

Indictment

In his first point of error, appellant contends that
the judgment against him is void because the trial court did not have
jurisdiction over him.  Specifically, appellant
argues that because his name is Alfred Queen and the indictment named Irrun
Christopher Jones, the indictment charges someone else with the alleged
offense, thereby defeating the trial court’s jurisdiction over him.  Appellant further argues that, because of
this absence of jurisdiction, his failure to object to the indictment’s defects
prior to trial does not waive the issue and he may raise it for the first time
on appeal.  

When the document purporting to be a
charging instrument (such as an indictment) does not satisfy the constitutional
requisites of a charging instrument, a judgment of conviction for a crime is
void.  Cook v. State, 902 S.W.2d 471, 479–80 (Tex. Crim. App. 1995).  Those constitutional requisites include
charging “a person” with the commission of an offense.  Id.  When a person is known by more than one name,
the indictment may use either.  Tex. Code Crim. Proc. Ann. art. 21.07 (Vernon 2009); see, e.g., Blankenship v. State, 785 S.W.2d 158,
160 (Tex. Crim. App. 1990) (holding that article 21.07 “does not require that
the person be commonly known by the name alleged”).

In the instant case, the indictment
charged Irrun Christopher Jones with the commission of an offense.  Although appellant argues on appeal that his
name is Alfred Queen and that Irrun Christopher Jones is neither an alias nor a
name by which he is commonly known, he himself testified at trial that he is
known by both names—Alfred Queen (his true name) and Irrun Christopher Jones
(the name alleged in the indictment) and further admitted that he had
previously used and was charged and convicted in another case under the name
Irrun Christopher Jones.  There is ample evidence to support the conclusion that the
appellant was known by more than one name and the constitutional requisites for
the charging instrument were satisfied.

Additionally, appellant was required to “object to
a defect, error, or irregularity of form or substance in [the] indictment . . .
before the date on which the trial on the merits commenced,” or he “waiv[ed]
and forfeit[ed] the right” to raise his complaint “on appeal or in any other
post conviction proceeding.”  Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon 2005).  Because appellant raised
no objection prior to trial to any alleged deficiency in the indictment, he
waived his complaint.  See id.

 We overrule appellant’s first point of error.

Factual Sufficiency

In his second point of error,
appellant challenges the factual sufficiency of the evidence in support of the
jury’s findings that he was the person convicted of committing the offenses
alleged in the two enhancement paragraphs. 
Specifically, he argues that the evidence linking him to both
convictions is so weak that it renders the jury’s verdict “clearly wrong and
manifestly unjust.”  Appellant relies
upon the fact that the judgment and sentence of each enhancement conviction
named Alfred Queen as the person who committed those crimes, not Irrun
Christopher Jones, the person named in the indictment.  Appellant also argues that the testimony of
the State’s fingerprint expert was so unreliable that it undermines confidence
in the jury’s finding of true with regard to the enhancement paragraphs. 

When conducting a factual-sufficiency
review, we view all of the evidence in a neutral light.  Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).
 We will set the verdict aside only if:
(1) the evidence is so weak that the verdict is clearly wrong and manifestly
unjust or (2) the verdict is against the great weight and preponderance of the
evidence.  Johnson v. State, 23 S.W.3d 1, 10–11 (Tex. Crim. App. 2000).  Under the first prong of Johnson, we
cannot conclude that a conviction is “clearly wrong” or “manifestly unjust”
simply because, on the evidence before us, we would have voted to acquit had we
been on the jury.  Watson v. State, 204 S.W.3d 404, 417
(Tex. Crim. App. 2006).  The jury is in
the best position to evaluate the credibility of witnesses, and we are required
in our factual-sufficiency review to afford “due
deference” to the jury’s determinations.  Marshall v. State, 210 S.W.3d 618, 625
(Tex. Crim. App. 2006).  The fact-finder
alone assesses the weight to place on contradictory testimonial evidence
because that determination depends on the fact-finder’s evaluation of
credibility and demeanor, Cain, 958 S.W.2d at 408–09, and the fact-finder may
choose to believe all, some, or none of the testimony presented. Id. at 407 n.5. 
Our factual-sufficiency review must also discuss the evidence that,
according to appellant, most undermines the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

To establish that a defendant has
been convicted of a prior offense, the State must prove beyond a reasonable
doubt that (1) a prior conviction exists, and (2) the defendant is linked to
that conviction.  Flowers
v. State, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).  No specific document or mode of proof is
required to prove these two elements.  Id.  If the defendant is charged by a different
name in a prior indictment used for enhancement, the enhancement portion of the
present indictment is sufficient if the State proves that the defendant is the
same person in the prior indictment.  Rios v. State, 557 S.W.2d 87, 92 (Tex. Crim. App. 1977).

During the punishment phase of the
trial, Dalrymple, the State’s fingerprint expert, testified that the
fingerprint on each of the judgments and/or jail cards introduced into evidence
all matched the fingerprint appellant provided during trial.[3]  He noted that the characteristics common
between the fingerprints left him with no doubt that appellant and the person
previously convicted were the one and the same.  Although Dalrymple’s testimony, standing
alone, is sufficient to support the jury’s finding that appellant is the same
person charged in the two previous convictions, the jury was also allowed to
consider all the evidence adduced at the guilt-innocence phase in
assessing appellant’s punishment.  Rayme
v. State, 178 S.W.3d 21, 27 (Tex. App.—Houston [1st Dist.] 2005, pet.
ref’d) (citing Duffy v. State, 567 S.W.2d 197, 208 (Tex. Crim. App. 1978)).  As previously discussed, appellant testified
during the guilt-innocence phase that he was known by both Alfred
Queen and Irrun Christopher Jones and that he had been convicted of the
offenses alleged in the two enhancement paragraphs, burglary of a habitation
and engaging in organized crime. 

After considering the evidence in a
neutral light, we cannot say that the evidence linking appellant to the
convictions was so weak that it renders the jury’s finding of “true” with
respect to the two enhancement paragraphs “clearly wrong and manifestly
unjust.”  

We overrule appellant’s second point
of error.

Evidence
of Extraneous Wrong or Act

In his third point of error appellant contends that
the trial court abused its discretion by allowing testimony that appellant was
masturbating in view of a female nurse prior to the assault.  Appellant contends that such evidence is
inadmissible because: (1) it is irrelevant; (2) it constitutes an extraneous
wrong or act used to prove appellant’s character; and (3) its probative value
is substantially outweighed by the prejudicial effect.

To preserve a complaint for appellate
review, a party must have presented to the trial court a timely
request, objection, or motion, stating specific grounds for
the ruling desired.  Tex. R. App. P. 33.1(a)(1)(A).  In the present case, appellant
filed a motion in limine seeking the
exclude any testimony
that he was observed masturbating prior to the assault.  A motion in limine, however, is a preliminary
matter that, on its own, normally preserves nothing for appellate review.  Fuller
v. State, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).  For error
to be preserved with regard to the subject of a motion in limine, an
objection must be made at the time the subject is raised during trial.  Id.  After an adverse ruling on his motion in limine, appellant did not object to
the State’s reference to such evidence in its opening statement, nor did he
object to Officer Barwald’s testimony that he observed appellant masturbating
in front of the nurse prior to the assault. 
As a result, appellant failed to preserve this issue for
appellate review.  See id. 

We overrule appellant’s third point of error.  

Evidence
of Prior Conviction

In his fourth point of error,
appellant contends that by admitting evidence that he was convicted in 1996 of
the misdemeanor charge of failure to identify, the trial court abused its
discretion because that conviction is inadmissible for purposes of impeachment
because it occurred more than ten years before appellant’s trial.  Tex.
R. Evid. 609(a), (b) (providing that evidence that witness was
previously convicted of felony or crime of moral turpitude is admissible for
impeachment purposes, but that convictions more than ten years old are
inadmissible unless court determines that probative value of conviction
substantially outweighs its prejudicial effect).

To preserve error for appellate
review, the complaining party must make a timely objection that states the
grounds for the ruling with sufficient specificity to make the trial court
aware of the complaint.  Tex. R. App. P. 33.1(a)(1)(A).  A general or imprecise objection may be
sufficient to preserve error for appeal, but only if the legal basis for the
objection is obvious to the court and
to opposing counsel.  Buchanan v.
State, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (emphasis in original).  When the grounds are not specific and the
legal basis is not obvious, the issue is not preserved.  Id.  An objection is
sufficient to preserve error for appellate review if it communicates to the
trial court what the objecting party wants and, why the objecting party himself
is entitled to relief, and it does so in a manner clear enough for the court to
understand the complaint at a time when the court is in a position to do
something about the purported error.  See
Lankston v. State, 827 S.W.2d 907, 908-09 (Tex. Crim. App. 1992).  The complaint raised on appeal must comport
with the objection made at trial.  Dixon
v. State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); Carty v. State,
178 S.W.3d 297, 305 (Tex. App.—Houston [1st Dist.] 2005, pet ref’d) (holding
that objection based on one ground does
not preserve complaint
for appellate review based on
another ground).

Here, the State’s attempt to
cross-examine appellant about this conviction drew an objection on the basis of
“improper impeachment.”  After initially
sustaining the objection, the court conducted a hearing on the issue during
which the State argued that the evidence of this prior conviction was proper to
impeach appellant’s prior testimony that he had been in the Harris County Jail only
two times before, and, in the alternative, that evidence of the conviction was
admissible—presumably to challenge appellant’s credibility—because it involved
a crime of moral turpitude.  Appellant argued that he had not testified that he had only
been in the jail twice and that the State was misconstruing his testimony; the
court agreed and refused to allow the State to use the evidence for that
purpose.  The court, however, admitted
the evidence as a crime of moral turpitude. 


Appellant, however, never argued to
the trial court—as he does now on appeal—that the prior conviction was
inadmissible for purposes of impeachment because the conviction occurred over
ten years earlier.  Moreover, appellant’s
general “improper impeachment” objection was insufficient to inform the trial
court that he was objecting to the evidence on the basis of its
remoteness.  See Tex. R. Evid.
609(a), (b) (providing multiple grounds for finding evidence of prior
conviction inadmissible for purpose of impeachment, e.g., conviction for misdemeanor not involving moral
turpitude).  It is also apparent from the
record that the court never considered the remoteness issue when it ruled on
appellant’s objection.  Having failed to
object to the admission of the evidence on the basis of remoteness, appellant
has not preserved this issue for appellate review.  See Willis v. State, 785 S.W.2d 378,
382 (Tex. Crim. App. 1989) (holding that “point of error on appeal must
correspond to precise objection made in the trial court”); Carty, 178 S.W.3d at 305.

          We
overrule appellant’s fourth point of error      .

Jury Charge Error

In his fifth point of error, appellant
argues that the trial court erred in denying his request for a jury charge on
self-defense because the evidence proffered at trial was adequate to raise the
issue.

When reviewing charge errors we must determine
whether error actually exists in the charge, and if so, whether sufficient harm
resulted from the error to require reversal. 
Abdnor v. State, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994).  A defendant is entitled to an
instruction on any defense supported by the evidence, even if the evidence is
weak or contradicted, and even if the trial court is of the opinion that the
evidence is not credible.  Shaw v.
State, 243 S.W.3d 647, 658 (Tex. Crim. App. 2007).  Under what is commonly known as the doctrine
of confession and avoidance, a defensive instruction is only appropriate when
the defendant admits to every element of the offense including the culpable mental state, but interposes the
justification to excuse the otherwise criminal conduct.  Id.
at 659; Ex Parte Nailor, 149 S.W.3d
125, 132 (Tex. Crim. App. 2004) (applying doctrine of confession and avoidance
to self-defense).  

In the present case, appellant was
not entitled to a jury instruction on self-defense because his defensive
evidence did not show confession and avoidance, but, rather, a lack of the
required culpable act.  See Shaw,
243 S.W.3d at 659.  Although appellant testified that he grabbed
Officer Castro to prevent the officer from hitting him again, he never admitted
to the alleged conduct for which he was indicted—pushing Officer Castro,
causing him to fall to the floor or striking Officer Castro with his hand.  Because appellant never
admitted to engaging in the conduct alleged in the indictment, he was not, as a
matter of law, entitled to an instruction regarding self-defense.  See Shaw,
243 S.W.3d at 659; Ex Parte Nailor,
149 S.W.3d at 132.  Thus, the trial court
did not err when it denied appellant’s requested self-defense instruction.

We overrule appellant’s fifth point of error.

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

 

 

                                                                    Jim Sharp

                                                                    Justice

 

Panel
consists of Justices Keyes, Sharp, and Massengale.

 

Do
not publish.  Tex. R. App. P. 47.2(b).

 

 

 











[2]           See Tex.
Penal Code Ann. § 22.01(b)(1) (Vernon Supp. 2009), § 30.02(c)(2) (Vernon
2003), § 71.02 (Vernon Supp. 2009).  





[3]           Although
appellant challenges Dalrymple’s methodology and the reliability of his testimony
on appeal, appellant acknowledges that he did not object to the reliability of
the expert’s methodology by requesting a hearing prior to trial pursuant to
Rule of Evidence 709 nor did he object to the admissibility of the testimony
when it was proffered.  Therefore,
because appellant failed to object, he did not preserve the issue for
appeal.  Tex. R. App. P. 33.1(a).