**Ricky BLANKENSHIP, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 153–89.**

Court of Criminal Appeals of Texas,
En Banc.

March 7, 1990.

Michael Lantrip, Pittsburg, for appellant.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, Robert Huttash, State's Atty. and Carl E.F. Dally, Sp. Asst. State's Atty., Austin, for the State.

## OPINION ON STATES' PETITIONS FOR DISCRETIONARY REVIEW

CAMPBELL, Justice.

A jury convicted appellant of aggravated robbery and set punishment at 10 years imprisonment in the Texas Department of Corrections.[1] The Court of Appeals reversed the conviction and remanded the case for entry of an order of acquittal. *Blankenship v. State*, 764 S.W.2d 22 (Tex. App.–Texarkana 1989). The District Attorney petitioned this Court for review raising one ground. The State Prosecuting Attorney filed a petition raising two grounds for review. We granted both petitions to determine whether the Court of Appeals erred in holding that there was a fatal variance between the indictment allegation and proof of the victim's name. We will reverse the judgment of the Court of Appeals.

The indictment alleged that appellant threatened and placed *Armando* Sanroman in fear of imminent bodily injury and death. The victim called at trial, however, was named *Rudolfo* Sanroman. Armando Sanroman was the victim's brother. Mario Marquez, who was with the victim when the offense occurred, made the initial report to the Sheriff's Office and told the officers that the victim's name was Armando.[2] Rudolfo testified that his name was reported to the officers as Armando and that, other than the personnel at the Sheriff's office, no one referred to him by that name. The Sheriff testified that he contacted the victim twice and each time he responded to Armando Sanroman. The Sheriff also twice asked for Armando Sanroman at Rudolfo's place of employment and in each instance personnel brought Rudolfo Sanroman. The Chief Deputy testified that the victim told him he was Armando Sanroman on two occasions.

The trial court submitted, over appellant's objection, a charge to the jury pursuant to Art. 21.07, V.A.C.C.P., which provides that "[w]hen a person is known by two or more names, it shall be sufficient to state either name [in the indictment]."

On appeal, appellant contended that there was a fatal variance between the allegation of the victim's name in the indictment and the proof presented at trial. The Court of Appeals noted that the name of the victim must be alleged in the charging instrument and proved beyond a reasonable doubt, and under Art. 21.07 the name of the victim should be the name the victim was known by at the time of the injury. The Court found in the instant case, the facts showed that Rudolfo did not commonly use his brother's name but rather used his name for the purpose of this case only. The Court concluded that Art. 21.07 did not apply so the evidence was insufficient to sustain the allegations.

■ The District Attorney contends that the Court of Appeals erred by holding Art. 21.07 inapplicable. The officers knew Rudolfo as Armando. Article 21.07 requires only that the person be known by another name. The State Prosecuting Attorney argues that since the testimony conflicted regarding the victim's name, the trial court did not err by charging the jury under Art. 21.07, and the jury's finding should not be overturned on appeal. Also, Art. 21.07 only requires that the person be known by two names, not that he or she be "commonly" known by such names.

■ We agree with the States' contentions. First, the Court of Appeals improperly held that the person had to be "commonly" known by the other name before the proof was sufficient. When a person is known by two or more names, Art. 21.07 allows the State to allege either name in the indictment. *Little v. State*, 130 Tex. Crim. 603, 95 S.W.2d 141 (1936).[3] In *John-*

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

2. Rudolfo Sanroman does not speak English.

3. Present Art. 21.07 contains the same wording as its predecessors, Tex.Code Crim.Proc. art. 425 (1879) (repealed 1968), and Tex.Code Crim.Proc. art. 401 (1925) (repealed 1968).

*son v. State,* 126 Tex.Crim. 356, 71 S.W.2d 280, 281–282 (1934), this Court held that:

The rule seems to be in this state that, if the injured party be known or sometimes called by the name alleged, this would suffice.... Inasmuch as there was proof before the jury that the deceased was known as Manuel, this was enough. The matter of whether the deceased was *commonly* known by the name attributed to him in the indictment is not the test.

[Emphasis added.] In *Stokes v. State,* 46 Tex.Crim. 357, 81 S.W. 1213 (1904), this Court held that "[t]he statute only requires that ... [the person] be known by the name alleged in the indictment...." Thus, Art. 21.07 does not require that the person be commonly known by the name alleged.

Second, the Court of Appeals erred by holding the evidence in this case insufficient. If there is evidence that the person was known by the name alleged in the indictment, then the issue is raised and is properly left for the jury to determine. *Johnson,* supra; *Hensley v. State,* 101 Tex. Crim. 31, 274 S.W. 135 (1925). See also *Little,* supra. In the instant case, there was evidence that Rudolfo was known as Armando. Thus, the evidence was sufficient to support the indictment allegation.

Consequently, the Court of Appeals improperly sustained appellant's sole point of error on appeal. The judgment of the Court of Appeals is reversed and the trial court's judgment of conviction is affirmed.

TEAGUE, J., dissents.