**Khaled Marwan ABUSHAABAM,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 397–93.**

Court of Criminal Appeals of Texas,
En Banc.

June 16, 1993.

R. Trent Gaither, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft and Linda Wilson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

The trial court convicted Appellant of delivery of a controlled substance and assessed his punishment at ten years, probated. The Court of Appeals reversed the conviction and ordered an acquittal, holding that the evidence was insufficient to support the conviction. *AbuShaabam v. State*, 848 S.W.2d 782 (Tex.App.–Houston [14th] 1993).

The State argued to the Court of Appeals that appellate review of sufficiency of the evidence was precluded because the appellate record did not include the statement of facts from the punishment hearing, citing *Skinner v. State*, 837 S.W.2d 633 (Tex.Cr. App.1992). The Court of Appeals rejected this argument and held the record was complete, reasoning that the statement of facts from the punishment hearing was absent from the appellate record because no punishment hearing was held. In reaching this conclusion, it relied on Appellant's request that the appellate record include the statement of facts from the punishment hearing and the district clerk's certification that the transcript was complete. However, the State argues in its petition that the Court of Appeals failed to consider the docket entries in the transcript demonstrating that Appellant waived the court reporter's presence at the punishment proceedings.

Therefore, we grant the State's petition, vacate the judgment of the Court of Appeals, and remand the cause to that court to consider the docket entries in determining whether a punishment hearing was held and whether the record is complete for purposes of reviewing the sufficiency of the evidence.

CLINTON, J., dissents.