**Khaled ABU–SHABAAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00050–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1993.

Rehearing Denied March 4, 1993.

Error Granted and Judgment Vacated June 16, 1993.

R. Trent Gaither, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted of delivery of a controlled substance. His punishment was assessed at ten years probation and a one-thousand dollar fine. He contends that there is insufficient non-accomplice witness testimony to support his conviction, and that the State failed to establish the complainant as named in the indictment. We .agree, and reverse and order an acquittal.

On October 6, 1989, a drug transaction occurred between Houston Police Officer William Tomlinson and Tony Kahn. The transaction took place in the parking lot of the Kentucky Fried Chicken, at the southeast corner of Beechnut and Fondren. Pursuant to a prior agreement, Kahn was to deliver five hundred pills of "Methylene-dioxy Methamphetamine" ("Ecstasy") to Officer Tomlinson. When Kahn arrived, he did not have the drugs with him. After conversing with Tomlinson, Kahn left to pick up the drugs. Officer Bosky, on surveillance, observed Kahn leave the Kentucky Fried Chicken on foot and approach a parked car at the Exxon station across the street from the lot. He could not see or hear what occurred at the station, or see who was in the car. Kahn left the Exxon station, returned to the lot, and gave the drugs to Officer Tomlinson. The bust signal was given and Kahn and three other individuals with him were arrested.

Officer Bosky responded and went to the Exxon station. He detained the individuals he believed to be the people in the car he had been watching. However, he could not testify to the license plate number, or the make or model of the car. He also could

not recall if any other cars were parked at the station. Officer Wilson arrested the Appellant and a female passenger for delivery of a controlled substance. He searched the car and found a closed bag containing Ecstasy on the passenger's side.

Kahn testified that the female passenger was his girlfriend, and that she delivered the pills to him that evening. He stated that the Appellant was the girl's source for the drugs. Paola Perez, the girlfriend, was a co-defendant at Appellant's trial. Over objection, the trial court admitted her statement into evidence. In it, Perez implicated herself, Kahn and a man named "Cal" in the delivery. She did not name the appellant as a party to the delivery. Appellant maintains that his conviction cannot be sustained because there is no non-accomplice evidence to link him to the delivery.

■ "A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed." TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979). The Court of Criminal Appeals has held that Article 38.14 provides the only test for determining the sufficiency of the evidence when an accomplice incriminates the accused. *Moreno v. State*, 761 S.W.2d 407, 409 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd); *Reed v. State*, 744 S.W.2d 112, 125 (Tex.Crim. App.1988). When reviewing the sufficiency of the evidence, all accomplice witness testimony is eliminated from consideration. *Leal v. State*, 782 S.W.2d 844, 851 (Tex. Crim.App.1989). The remaining, non-accomplice witness evidence must tend to connect the accused with the *commission* of the crime. *Cox v. State*, 830 S.W.2d 609, 611 (Tex.Crim.App.1992). Mere presence of the accused at the scene is not sufficient corroboration. *Id.*

■ An accomplice witness is someone who has participated in the commission of the crime, and can be prosecuted for the same offense as the accused. *Villarreal v. State*, 708 S.W.2d 845, 847 (Tex.Crim.App. 1986). Both Tony Kahn and Paola Perez are accomplice witnesses. Therefore, only the testimonies of Officer Tomlinson, Bo-

sky and Wilson will be reviewed to determine sufficiency.

The evidence reveals that the only corroborating facts are:

(1) Tony Kahn walked from the Kentucky Fried Chicken to the Exxon station, approached a parked car, and then walked back to the lot and gave the drugs to Officer Tomlinson; and

(2) Appellant was the driver of one of the cars parked at the Exxon station.

After the arrest, Ecstasy was found in the car. However, the pills were located on the passenger's side, and in a closed bag. There is no evidence that the Appellant owned the car or was even aware that contraband was in the car. There is no non-accomplice testimony that tends to connect the appellant with the delivery. We find that there is no corroborating evidence to sustain the conviction.

■ The State maintains that this Court is unable to review the sufficiency of the evidence because Appellant has failed to provide a complete record. Specifically, the State alleges that there "does not appear to be any statement of facts from the punishment hearing" in the record.

However, the State has failed to file an affidavit, or provide an affidavit from the court reporter, that the record on appeal is incomplete. A mere allegation is not sufficient for this Court to find that the record is not complete. Appellant requested that the trial court include in the record "all testimony of all witnesses during all pretrial hearings, the hearing on guilt-innocence and the hearing on *punishment.*" (emphasis added). He further requested that "all communications between the Trial Court and the Defendant, Counsel for the Defendant, the Prosecutor and/or other participants during any stage of this cause" be included. Finally, he requested that "any and all arguments," at any stage, be included in the record. The clerk of the trial court has certified that the papers contained in the transcript are "true and correct copies of *all* proceedings, instruments and other papers specified by Rule 51(a) *and matters designated by the par-*

*ties."* (emphasis added). She further certified that "2 duplicate volumes of statements of facts were received and *filed."

█ The record consists of a transcript and two volumes of statement of facts. The record does not indicate that a punishment hearing was ever held. The State's allegation is inconsistent with the clerk's certification. A mere statement in a brief, absent an affidavit or other evidence included in the record, is insufficient proof of that statement. *Castillo v. State,* 733 S.W.2d 560, 561 (Tex.App.—San Antonio 1987, no pet.). We sustain Appellant's first two points of error.

█ In his third point, Appellant contends that the State failed to prove the name of the complaining witness as alleged in the indictment. He maintains that this created a fatal variance between the allegation and the proof, rendering the evidence insufficient.

█ Unnecessary words or allegations in an indictment may be rejected as surplusage, if they are not descriptive of what is legally essential to an indictment. *Polk v. State,* 749 S.W.2d 813, 816 (Tex. Crim.App.1988). Such unnecessary words will not require reversal of a conviction. *Id.* However, when the unnecessary matter is descriptive of something legally essential to the indictment, then it must be proven as alleged. *Id.* The name of the complaining witness is material to an indictment; it must be alleged and proven. *Gayton v. State,* 732 S.W.2d 724 (Tex. App.—Corpus Christi 1987, pet. ref'd). The indictment in this case alleged that the complainant was named "N. Tomlinson." The evidence at trial indicted that the name of the officer, (complainant), was "William Tomlinson." There is no proof in the record to indicate that "N. Tomlinson" and "William Tomlinson" are the same person. Therefore, we sustain Appellant's third point of error.

The judgment of the trial court is reversed, and an acquittal is ordered.