Khaled **ABUSHAABAM,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–92–00050–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1993.

Rehearing Denied Aug. 26, 1993.

R. Trent Gaither, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

**MAJORITY OPINION ON REMAND**

SEARS, Justice.

Appellant was convicted of delivery of a controlled substance. His punishment was assessed at ten years probation and a one-thousand dollar fine. On original submission, we reversed the case and ordered an acquittal, because there was insufficient non-accomplice witness testimony to support the conviction. *Abu–Shabaam v. State,* 848 S.W.2d 782 (Tex.App.—Houston [14th Dist.] 1993). The State had main-

tained that this Court was unable to review the sufficiency of the evidence because Appellant had failed to include the statement of facts from the punishment hearing. However, the State had failed to file any proof that the record was incomplete. Further, the State failed to answer the Appellant's points of error. Accordingly, we held that the State's mere allegation that the record was incomplete was not sufficient for this Court to find that the record was not complete. *Abu–Shabaam* at 785.

The State then filed a petition for discretionary review, and the Court of Criminal Appeals vacated our judgment and remanded the cause to our Court to "consider the docket entries in determining whether a punishment hearing was held and whether the record is complete for purposes of reviewing the sufficiency of the evidence." *Abushaabam v. State,* 856 S.W.2d 436 (Tex.Crim.App.1993). Upon further review, we reaffirm our original decision, reverse the judgment of the trial court, and order an acquittal.

On original submission, we saw and considered the docket entries noting that a court reporter had been waived for the punishment hearing. However, we found that to be insufficient to prove that evidence was received or testimony heard at the punishment phase of the trial that would prove the *guilt* of the Appellant. Further, the State did not even allege, much less offer proof, that such evidence was actually presented during the punishment hearing.

■ We do not intend to deny the Appellant his right to appeal on a mere *allegation* by the State that the record *might* not be complete. If a hearing was held at the punishment stage, *and* testimony or evidence was received reflecting on the *guilt* of the accused, then the State should file some proof with this Court substantiating that allegation. Where there is a total absence of proof that an *evidentiary* hearing was held at the punishment phase of trial, *and,* that evidence of the accused's *guilt* was received, we cannot accept the State's *suggestion* that relevant evidence *might* be missing in the record on appeal.

On original submission, the State refused to address the merits of this appeal and instead filed a "suggestion" of an incomplete record. We do not believe the intent of the Court of Criminal Appeals in *Skinner v. State,* 837 S.W.2d 633 (Tex.Crim. App.1992) was to deprive an appellant of the right to appeal on such a "suggestion" without proof or at least a direct allegation of missing evidence. Also, we do not believe such tactics should be utilized to avoid addressing the allegations of error raised by an appellant.

■ Because evidence of an accused's character or eligibility for probation is regularly received at a punishment hearing, the presence of a court reporter is often waived. Therefore, the State should do more than suggest the *possibility* of an incomplete record in order to defeat the right of appeal. If evidence that is *relevant* to this appeal was received by the trial court and not made a part of this record, *and* the record does not reflect its existence, the State should have the burden to bring *proof* of the same to the court of appeals. We decline to dismiss this appeal without proof of the existence of such evidence.

■ In the absence of any proof that evidence pertaining to the *guilt* of this Appellant was received during the punishment phase and is not now a part of the record on appeal, we find no reason to change our prior opinion. The docket entries reflecting that a court reporter was waived is no proof that evidence of *guilt* was received. Accordingly, we find that the record is complete for purposes of reviewing the sufficiency of the evidence, reaffirm our original decision, reverse the judgment of the trial court, and order an acquittal.