Anthony SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–94–299–CR.

Court of Appeals of Texas, Waco.

Aug. 31, 1995.

Philip L. Cline, Fairfield, for appellant.

Don W. Cantrell, Dist. & County Atty., Roy DeFriend, Asst. County Atty., Groesbeck, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

A jury found Anthony Scott guilty of aggravated assault, and the court assessed punishment of five years' incarceration. *See* Act of April 29, 1983, 68th Leg., R.S., ch. 79, § 1, 1983 Tex.Gen.Laws 349, 350, *amended by* Act of May 22, 1991, 72nd Leg., R.S., ch. 334, § 2, 1991 Tex.Gen.Laws 1380, 1381, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3619 (current version at TEX.PENAL CODE ANN. § 22.02 (Vernon 1994)). By three points of error, he challenges the sufficiency of the evidence to support his conviction. We will reverse and render a judgment of acquittal.

Scott participated in an inmate riot at the Limestone County Detention Center on April 23, 1993. He and four other prisoners were indicted for aggravated assault. *See id.* Specifically, the indictment alleged that Scott caused "bodily injury to Ray Gann by hitting him with a metal locker and the said Ray Gann was then and there a jailer employed at a county jail in the lawful discharge of his official duty." In its charge on guilt-innocence, the court instructed the jury:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of April, 1993 in Limestone County, Texas, the defendant, Anthony Scott, intentionally or knowingly caused bodily injury to Ray Gann by hitting him with a metal locker, and that said Ray Gann was then and there a jailer employed at a county jail, in the lawful discharge of his official duty, to wit, detention officer, Limestone County Detention Center and Anthony Scott had been informed or knew that Ray Gann was such a jailer, then you will find the defendant guilty as charged in the indictment.

By his first point of error, Scott complains that the court erroneously denied his motion for a directed verdict at the close of the State's case in chief. "[A] challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction." *Cook v. State*, 858 S.W.2d 467, 470 (Tex.Crim.App.1993). If we conclude that the evidence is sufficient at the conclusion of trial, we are not required to determine if the evidence was insufficient at the time the State rested its case in chief. *See id.*

In resolving the sufficiency-of-the-evidence issue, we view the evidence in the

light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *See Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). We measure the sufficiency of the evidence "by looking at 'the indictment as incorporated into the charge.'" *See Fisher v. State,* 887 S.W.2d 49, 55 (Tex. Crim.App.1994) (emphasis omitted); *also Geesa v. State,* 820 S.W.2d 154, 159 (Tex. Crim.App.1991).

■ Scott argues that the evidence is insufficient to prove that he caused injury to "Ray Gann." At trial, "Roy" Gann testified:

[Questions by the State]

Q: State your name for the jury, please.

A: Roy Gann.

.    .    .    .    .

Q: Have you ever been called Ray before?

A: Yes, sir, I've been confused as Ray before in the past.

Q: Okay. When was that? I mean, what kind of circumstances was that on?

A: When I was in high school, I played basketball in the Houston area, and it come out in the paper. Almost every time it was Ray Gann.

[DEFENSE]: That is something that has to do with Houston, Texas probably 20 years ago and doesn't have anything to do with this case here today.

THE COURT: Overruled.

[By the State]:

Q: You can continue.

A: And it was quite often mistaken, and my name is Ray Gann on how many points I scored or whatever. And in the school newspaper, it was mistaken several times. In the yearbook it was mistaken.

Q: Your picture, is the wrong name under your yearbook picture?

A: Yes, sir.

Q: What's it say?

A: Ray Gann.

Q: Were you aware that Dennis Wilson had listed you in his report as Ray Gann?

A: No, sir.

[DEFENSE]: Judge, I'm going to object. That's not before the jury.

THE COURT: Overruled.

[By the State]:

Q: Were you aware that Lee Turrubiarte and the district attorney's investigator, Bill Groth, were referring to you as Ray Gann?

A: No, sir, I wasn't aware of that.

[The State sought to introduce into evidence two pictures of Roy Gann, apparently showing his injured elbow. After the defense objected, the court held an unreported bench conference. However, the court announced its ruling on the record]:

THE COURT: Motion for a mistrial is denied. And I'm going to back up and change my ruling. A few minutes ago Mr. Gann related some information in the report of Dennis Wilson and one other witness ...

[THE STATE]: Lee Turrubiarte and Bill Groth.

THE COURT: Lee Turrubiarte and Bill Groth. Please disregard any statements made in the reports of those gentlemen. You may proceed.

Mr. Cline, your objection to the testimony of Dennis Wilson, Bill Groth, Lee Turrubiarte is sustained.

The State did not adduce any other evidence which tended to show that "Ray Gann" was involved in the disturbance at the detention center. Two other officers from the detention center testified; each stated unequivocally that nobody named "Ray Gann" worked at the facility.

■ The identity of the complaining witness must be alleged and proved by the state at trial. *See Abu-Shabaam v. State,* 848 S.W.2d 782, 785 (Tex.App.—Houston [14th Dist.] 1993), *vacated on other grounds,* 856 S.W.2d 436, 437 (Tex.Crim.App.1993), *reaffirmed,* 859 S.W.2d 592, 593 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *Gayton v. State,* 732 S.W.2d 724, 724 (Tex.App.—Corpus Christi 1987, pet. ref'd). There is no evidence to support the jury's finding that "Ray Gann" was assaulted, or that "Ray Gann" was employed as a jailer at the Limestone County Detention Center. Thus, the

evidence is insufficient to support the jury's verdict. *See id.; also Sandoval v. State,* 846 S.W.2d 9, 13–14 (Tex.App.—Corpus Christi 1992, pet. ref'd) (on rehearing).

■ The State argues that Roy Gann's testimony is sufficient to create a fact question for the jury to determine if he is also known as "Ray Gann." *See Blankenship v. State,* 785 S.W.2d 158, 159–60 (Tex.Crim.App. 1990). We reject this contention for two reasons. First, the sufficiency of the evidence is determined with reference to the jury charge. *See Fisher,* 887 S.W.2d at 55; *Ortega v. State,* 668 S.W.2d 701, 707 n. 5 (Tex.Crim.App.1983) (on rehearing); *Sandoval,* 846 S.W.2d at 13. The charge requires the jury to find that a jailer named "Ray Gann" was assaulted; unlike *Blankenship,* nowhere in the charge is mention made of the possibility that Gann is known by another name. *See* TEX.CODE CRIM.PROC.ANN. art. 21.07 (Vernon 1989); *Blankenship,* 785 S.W.2d at 159. Thus, the jury was not authorized to convict Scott on this theory. *See Fisher,* 887 S.W.2d at 55; *Ortega,* 668 S.W.2d at 707 n. 5. Second, Gann's testimony that he had "been confused as Ray before" and that his name was "quite often mistaken" in publications does not establish that he was *known, i.e.,* "generally recognized" by somebody, as "Ray Gann." *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 666 (1985). Moreover, the court withdrew the only evidence tending to establish that "Roy Gann" was known as "Ray Gann" when it sustained the defense objection to the testimony regarding reports made by Dennis Wilson, Bill Groth, and Lee Turrubiarte. Thus, article 21.07 and the holding of *Blankenship* are not applicable to this cause.

Because the evidence does not support the jury's finding that Scott assaulted a jailer named Ray Gann, as alleged in the indictment and authorized in the charge, Scott's first point is sustained. We do not reach his second or third points. Scott's conviction is reversed and a judgment of acquittal rendered. *See* TEX.R.APP.P. 81(c), 87(b)(3).

VANCE, J., dissents.

VANCE, Justice, dissenting.

A fair application of *Blankenship v. State,* 785 S.W.2d 158, 159–60 (Tex.Crim.App.1990), and article 21.07 of the Code of Criminal Procedure would authorize the jury to convict Scott of assaulting Roy Gann, who testified that he was assaulted and that he had been called Ray Gann in the past. If evidence exists that the victim was known by the name alleged in the indictment, then the issue is raised and is properly left for the jury to determine. *Brown v. State,* 843 S.W.2d 709, 712 (Tex.App.—Dallas 1992, no pet.) (citing *Blankenship*); *Stahley v. State,* 814 S.W.2d 415, 417 (Tex.App.—Dallas 1991, pet. ref'd) (also citing *Blankenship*). I see no reason to reach a different conclusion just because the charge also referred to Gann by the name alleged in the indictment.

I would overrule point one.