Anthony SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 1154–95.

Court of Criminal Appeals of Texas, En Banc.

Feb. 14, 1996.

Philp L. Cline, Fairfield, for appellant.

Don Cantrell, County Attorney, and Roy DeFriend, Asst. County Atty., Groesbeck, Robert A. Huttash, State's Atty., Austin, for the State.

Appellant's petition for discretionary review refused.

McCORMICK, Presiding Judge, dissenting.

Does the Constitution require an acquittal when the State alleges appellant committed an aggravated assault against "Ray" Gann but proves appellant committed an aggravated assault against "Roy" Gann, and the jury charge instructs the jury to convict if it found appellant committed an aggravated assault against "Ray" Gann? Because the majority refuses to grant the State's petition for discretionary review to address this issue, I dissent.

The Court of Appeals held the evidence insufficient to support the conviction because "the evidence does not support the jury's finding that [appellant] assaulted a jailer named 'Ray' Gann, as alleged in the indictment and authorized in the charge." See, *Scott v. State,* 905 S.W.2d 783 (Tex.App.—Waco 1995). But, "Roy" Gann testified he had been "confused as 'Ray' before in the past." See *id.* Therefore, I agree with the dissenting opinion in the Court of Appeals that "[A] fair application of *Blankenship v. State,* 785 S.W.2d 158, 159–60 (Tex.Cr.App. 1990), and article 21.07 of the Code of Criminal Procedure would authorize the jury to convict [appellant] of assaulting 'Roy' Gann, who testified that he was assaulted and that he had been called 'Ray' Gann in the past." See *Scott,* 905 S.W.2d at 786 (Vance, J., dissenting). I tend to agree with the State that the Court of Appeals misapplied this Court's holding in *Blankenship,* 785 S.W.2d 158, 160 (if there is evidence that the person was known by the name alleged in the indictment, then the issue is raised and is properly left for the jury to determine).

I also would grant the State's petition for discretionary review to reexamine this Court's prior holdings that evidentiary suffi-

---

ciency should be measured against the court's charge. See *Boozer v. State,* 717 S.W.2d 608 (Tex.Cr.App.1984); *Benson v. State,* 661 S.W.2d 708 (Tex.Cr.App.1982); see also *Mireles v. State,* 901 S.W.2d 458, 463–70 (Tex.Cr.App.1995) (Meyers, J., dissenting) (explaining the rationale for this rule). However, *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires the reviewing court to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found beyond a reasonable doubt *the substantive elements of the criminal offense as defined by state law.* When measured against this standard, the evidence is sufficient to support the conviction in this case. This case aptly illustrates the inanity and absurdity of continuing to follow the *Benson–Boozer* line of cases in reviewing evidentiary sufficiency. See also *Mireles,* 901 S.W.2d at 463–70 (Meyers, J., dissenting); compare *Clewis v. State,* — S.W.2d —— [1996 WL 37908] (Tex.Cr.App., No. 450–94, January 31, 1996) (this Court will ignore principles of *stare decisis* to achieve its desired policy goals).

Because the majority refuses to grant the State's petition for discretionary review, I dissent.

MANSFIELD and KELLER, JJ., join this dissent.