**Bobbie Gainer GRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–181CR.**

Court of Appeals of Texas,
Beaumont.

Submitted on Dec. 5, 1996.

Decided April 23, 1997.

Ernest Barrientos, Conroe, for appellant.

Frank H. Bass, Jr., County Attorney, Grant Stevens, Assistant County Attorney, Conroe, for State.

Before BURGESS, STOVER and CARR,* JJ.

## OPINION

CARR, Justice (Assigned).

This is an appeal from a jury conviction for the misdemeanor offense of evading arrest with a sentence of 180 days in jail probated for one (1) year and a suspended fine of $300.00.

 The dispositive issue this appeal presents is whether or not there is a fatal variance between the charging instrument [information] allegation and proof of the complainant's name. We hold that article 21.07 requires the State to allege in the charging instrument the complainant's given name

when known to the State and the use of an identifier with a surname only is insufficient.[1]

Our record reveals that the information, in pertinent part, alleges that:

> ... BOBBIE GRANT, hereafter styled the Defendant, heretofore on or about OCTOBER 23, 1993, did then and there unlawfully and intentionally flee from OFFICER LAWSON, a peace officer who BOBBIE GRANT, knew to be a peace officer who was lawfully attempting to arrest or detain BOBBIE GRANT, for the purpose of questioning or investigating possible criminal activity.

The record reflects that four police officers testified at trial: Craig Lawson, Robin Krath, Steve Dorris, and Roy Self. The State's first witness, called as the complainant, introduced himself as "Lieutenant Craig Lawson."

Before the State completed direct examination of Lieutenant Craig Lawson, outside the presence of the jury, defense counsel was permitted to voir dire the witness, to wit:

BY MR. BARRIENTOS [defense counsel]:

Q. Mr. Lawson?

A. Yes.

Q. How do you spell your last name?

A. L-a-w-s-o-n.

Q. First name?

A. C-r-a-i-g.

Q. And that is your legal true and correct name?

A. Yes.

Throughout the subsequent testimony of the State's witnesses, fellow officers at the scene knew the complainant or referred to him as both "Lieutenant Lawson" or "Lieutenant Craig Lawson."

The application paragraph[2] of the jury charge on guilt/innocence reads:

> Now, if you find from the evidence beyond a reasonable doubt that on or about

---

* The Honorable Ron Carr, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

1. Tex.Code Crim. Proc. Ann. art. 21.07 (Vernon 1989).

2. This is not a case where the name as alleged in the charging instrument is different from that which is incorporated into the jury charge as in *Montoya v. State,* 906 S.W.2d 528 (Tex.Crim.App. 1995).

the 23rd day of October, 1993, in Montgomery County, Texas, the defendant, Bobbie Grant, intentionally fled from Officer Lawson, and that the said Officer Lawson was then and there a peace officer who was attempting to lawfully arrest the defendant and that the defendant knew Officer Lawson was a peace officer and knew Officer Lawson was attempting to arrest the defendant, then you will find the defendant guilty as charged.

### Allegation of Name

Article 21.07 of the Code of Criminal Procedure provides:

> In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment.

TEX.CODE CRIM. PROC. ANN. art. 21.07 (Vernon 1989).

Before delving into the law that applies in this case, we believe it is important to first clarify the law that does not apply. It is undisputed that this is not a case of *Idem Sonans,* a misspelling of a name, an unknown name, a nickname or an alias. Also, neither party argues that witness Lawson was known by two or more names nor suggests that "Officer Lawson" is his true Christian or given name in that the information only gives the correct surname of the complainant with an identifier, i.e., "officer."

The identity of the complaining witness must be alleged and proved by the State at trial. *Scott v. State,* 905 S.W.2d 783, 785 (Tex.App.—Waco 1995), *pet. ref'd,* 915 S.W.2d 505 (Tex.Crim.App.1996). And the name of the complaining witness is a matter of substance. *Brown v. State,* 843 S.W.2d 709, 713 (Tex.App.—Dallas 1992, pet. ref'd).

Without citing any authority, the State first argues that the use of the surname only is sufficient under the statute [art. 21.07]. We disagree. *See Stewart v. State,* 31 Tex.Crim. 153, 19 S.W. 908 (1892); *Johnson v. State,* 63 Tex.Crim. 457, 140 S.W. 337, 339 (1911).

The State next argues that the correct last name [surname] of the complainant with an "identifier" is sufficient under the statute [art. 21.07]. We disagree. *See Stewart,* 19 S.W. at 908.

The State also argues that if there is evidence that the person is commonly known by the name alleged in the charging instrument, that the issue is raised and is properly left for the jury to determine. However, nowhere in our record is there any evidence that Lieutenant Craig Lawson was otherwise commonly known as "Officer Lawson."

Lastly, the State contends that it is sufficient that the person "be sometimes called" by the alleged name; and if there is some proof of such, resolution of any variance is up to the jury under proper instructions. *See Blankenship v. State,* 785 S.W.2d 158 (Tex. Crim.App.1990). The State argues the record reflects that the complainant is sometimes called "Officer Lawson" because in the instant case at trial, appellant's attorney referred to or addressed him as "Officer Lawson." We believe the true test of the rule addressed in *Blankenship* refers to precharging occurrences and does not include in trial occurrences. Otherwise, the State could do indirectly that which they are prohibited from doing directly, i.e., amending the charging instrument after trial on the merits begins by simply referring to or addressing the complainant by the alleged name rather than the correct surname and given name. *See Brown,* 843 S.W.2d at 711.

For the reasons stated we find there is a fatal variance between the charging instrument allegation and proof of the complainant's name.

Appellant's fourth point of error is granted and we need not address his remaining points.

Judgment is reversed and an order of acquittal is entered.

STOVER, Justice, dissenting.

I respectfully dissent to the majority's reversal of appellant's conviction and order of acquittal. The first point of error stated by appellant contends:

The trial court erred in overruling appellant's trial motion for directed verdict once it became unequivocally clear that the name of the complainant alleged in the information was patently incapable of being sounded like that of the testifying complainant, e.g.: "Officer", "Craig."

The majority states: "It is undisputed that this is not a case of *Idem Sonans* ..." but the point of error presented to the Court is that a directed verdict was mandated solely because of the complainant's *name* was incapable of being *sounded like* "Officer." Appellant's point of error one should be overruled because the State is not required to prove the officer's given name sounded like "Officer."

I disagree with the majority's analysis of appellant's challenge to the "legal sufficiency" of the evidence to support the conviction. The legal sufficiency of the evidence is measured by a constant standard: whether the evidence, *viewed in the light most favorable to the prosecution,* supports every essential element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The majority orders appellant's acquittal without ever stating the proper standard of review or analyzing the evidence in the light most favorable to the prosecution. Did the State prove what it alleged in the information? I am compelled by the record to answer in the affirmative, so I believe the majority errs to hold otherwise.

The legal sufficiency of the evidence is measured by comparing the evidence with the information as incorporated into the application paragraph of the charge. *See Jones v. State,* 815 S.W.2d 667, 670–71 (Tex.Crim. App.1991).[1] A variance between the allega-

tions and the proof may render the evidence insufficient to sustain a conviction. *Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App. 1983); *Seiffert v. State,* 501 S.W.2d 124, 126 (Tex.Crim.App.1973). Where an unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proven as alleged even though needlessly stated. *Weaver v. State,* 551 S.W.2d 419, 420 (Tex.Crim.App.1977)[2]. As a general rule, a material variance between the information and the evidence adduced at trial is fatal to a conviction, because due process guarantees the defendant notice of the charges against him. *Stevens v. State,* 891 S.W.2d 649, 650 (Tex.Crim.App.1995). Having included the allegation in its pleading, the State was obliged to prove the complainant was an officer, because "officer" is descriptive of that which is legally essential to charge the crime[3]. It is unreasonable to construe the word at issue as nothing other than an allegation of a given name. When placed before a surname, the word "officer" has a distinct common function.

I perceive no variance at all between the information and the evidence adduced at trial. The presence of the word "OFFICER" before "LAWSON" is not necessarily an allegation that the complainant's given name is "OFFICER." I suggest appellant and the majority are ignoring the obvious: the information entirely *omitted* the complainant's given name, but instead alleged the complainant was *an officer.* The information stated "did then and there unlawfully and intentionally flee from OFFICER LAWSON, a peace officer." The majority insists that "OFFICER LAWSON, a peace officer" alleges a given name, a surname, and a job, but I believe "LAWSON" alleges the complainant's name (at trial proven to in fact be his surname, although the State would have met the allegations in the information if complainant testified Lawson was his given name), and "OFFICER ... a peace officer" is mere-

---

1. The charge in this case did not vary from the information.

2. Unnecessary words or allegations may be rejected as surplusage if they are not descriptive of that which is legally essential to the validity of

the indictment. *Windham v. State,* 638 S.W.2d 486 (Tex.Crim.App.1982).

3. The State would have had to prove Lawson was a peace officer anyway, as an element of the offense of evading arrest.

ly a redundancy which cannot compel acquittal. The issue in this appeal literally amounts to the majority's assumption of use of a capital letter "O," indicating a proper noun as opposed to a common noun. A proper noun need not be a given name, even when it appears before what is obviously a surname. In common English usage we capitalize titles and honorifics as well as given names, for instance, "Mister" or "Judge" or "Doctor." We also use them in conjunction with surnames. Had the information alleged the complainant was "Doctor Lawson," would the State be bound to prove the complainant's first name was "Doctor"? Would they even be bound to prove "Doctor" was an official title, that the complainant held a medical degree, or that he was commonly called "Doctor"? He could be a member of the medical profession, but could as likely be a professor. "Doctor" could be a nickname. In the absence of a timely objection to the information, could not the State satisfy its allegations by proving *any* of those possibilities? Or prove the complainant's vocation was that of a doctor, any kind of doctor? The lawyers trying this case repeatedly said "Officer Lawson" in propounding questions to the complainant, and the complainant always answered these questions without correcting his interrogator, but no one suggests the complainant did not testify. Why? Because Officer Lawson did testify.

I do not suggest the name of the complainant is not descriptive of that which is legally essential to charge the offense. The State should only be held to prove the complainant's given name was "Officer" if the information alleged the complainant's given name was "Officer." It did not. The information did not state appellant "did then and there unlawfully and intentionally flee from a person whose legal name is OFFICER LAWSON, a peace officer." The State's proof is consistent with the allegation: the complainant is an officer named Lawson, "OFFICER LAWSON."

I am not suggesting no error occurred. But the error, if any, was *not* one of proof. The State proved what it alleged, namely, that the complainant's name is Lawson and he is an officer. Further allegations in the information claim he is a particular kind of officer, a peace officer. The proof at trial established Craig *Lawson* was on the date of the offense an employee of the Montgomery County Constable's Office, Precinct 4. If we read the information to allege, and, therefore, bind the State to prove, that Craig Lawson was known as "Officer," that too appears in the record. After all, as I have already stated, officers of the court repeatedly asked "Officer Lawson" questions and this man responded. The jurors could certainly infer the man was known as "Officer Lawson" because they experienced this very phenomenon in the courtroom.

Perhaps the majority required the State to prove Officer Lawson's given name was "Officer" because article 21.07 provides an information is sufficient if it states one or more of the initials of the Christian name and the surname. TEX. CODE CRIM. PROC. ANN. art. 21.07 (Vernon 1989). I note that this law appears in the Code of Criminal Procedure and not in the Penal Code. This is just one indication that the manner of naming the complainant is a procedural matter and not an element of the offense which must be proven beyond a reasonable doubt. The State's failure to comply with article 21.07 by including the complainant's first name or initial in the information is a matter which was waived by failure to raise it in writing before the day of trial. TEX. CODE CRIM. PROC. ANN. art. 1. 14(b) (Vernon Supp.1997). An omission from an information cannot be the basis for a claim of legal insufficiency of the evidence provided the State proves the omitted element at trial. *See Fisher v. State,* 887 S.W.2d 49 (Tex.Crim.App.1994); *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990). The State was not limited to proving the complainant was "Officer Lawson" because he was christened "Officer." The State could meet the allegations in the information presented to the court by proof that the complainant was "Lawson" and that he held a position in our society which would result in the use of the proper noun "Officer" in conjunction with his surname, hence "Officer Lawson." The State met its burden the moment Craig Lawson testified he was an employee of the constable's office.

I would overrule appellant's point of error four. As the majority sustains point of error four, I must dissent.