Juan BLANCO, Appellant,

v.

The STATE of Texas.

No. 0098–97.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 18, 1998.

Kristina K. Voorhies, El Paso, for appellant.

John L. Davis, Asst. Dist. Atty., El Paso, Matthew Paul, State's Atty., Austin, for State.

1. *Benson v. State,* 661 S.W.2d 708 (Tex.Cr.App. 1982), *cert. denied* 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984).

2. *Boozer v. State,* 717 S.W.2d 608 (Tex.Cr.App. 1984).

3. *Jones v. State,* 815 S.W.2d 667 (Tex.Cr.App. 1991).

4. This is like saying the decision in *Mapp v. Ohio* making the federal exclusionary rule applicable to the states through the Due Process Clause of

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Judge, delivered the opinion of the Court.

Appellant was convicted of the offense of burglary of a habitation. The court assessed punishment at ten years in prison but suspended the sentence and placed appellant on ten years' probation. On appeal, appellant challenged the sufficiency of the evidence to support his conviction. In an unpublished opinion, the El Paso Court of Appeals reversed appellant's conviction and remanded the cause with instructions that the trial court enter a judgment of acquittal. The El Paso Court of Appeals followed the *Benson* [1]-*Boozer* [2]-*Jones* [3] line of cases and held that because the application paragraph of the court's charge did not refer to the law of parties, the sufficiency of the evidence, when measured against the application paragraph, entitled appellant to an acquittal on appeal because he was guilty only as a party.

We granted the State's petition for discretionary review to reexamine the *Benson/Boozer* line of cases. However, this Court recently overruled the *Benson/Boozer* line of cases in *Malik v. State,* 953 S.W.2d 234 (Tex.Cr.App.1997).

The authors of the dissenting opinions are under the mistaken impression that this Court's decision in *Malik* is "pure dicta with no precedential value" because in *Malik* this Court "failed to address the ground for review this Court granted" in *Malik.*[4] We disagree with the contention put forth in the dissenting opinions. In *Malik,* Judge Meyers made this same contention which lost by a 6–3 vote. See *Malik,* 953 S.W.2d at 240–42

the Fourteenth Amendment is "pure dicta" because that was not the issue upon which the United States Supreme Court granted certiorari in *Mapp* which came to the Court as a First Amendment case. See *Mapp v. Ohio,* 367 U.S. 643, 672–79, 81 S.Ct. 1684, 1701–04, 6 L.Ed.2d 1081 (1961) (Harlan, J., dissenting). It would be unwise for this Court ever to take such a position.

(Meyers, J., concurring, joined by Baird and Overstreet, JJ.).

That this Court may have decided *Malik* on broader grounds than those presented in the State's petition for discretionary review[5] does not convert our *Malik* decision into "pure dicta." Once this Court in *Malik* exercised its discretion to decide the case on these broader grounds, this Court's deliberate decision in *Malik* to overrule the *Benson/Boozer* line of cases[6] was "essential to determination of the case in hand" with the force of adjudication and of binding precedential effect.[7] See *Black's Law Dictionary*, at 541 (4th Ed.1951) (definition of "dictum"). The bench and bar should not be confused about *Malik's* precedential effect. It is the law and it is binding precedent. The dissenting opinion in no way resurrects *Benson/Boozer* which continue to be in a state of having been overruled.

We vacate the judgment of the Court of Appeals and remand the cause there for reconsideration in light of *Malik*.

OVERSTREET, Judge, concurring and dissenting.

We vacate the judgment of the court of appeals and remand this cause thereto for reconsideration in light of our recent *Malik v. State*, 953 S.W.2d 234 (Tex.Cr.App.1997) opinion. In light of *Malik*, 953 S.W.2d at 240, holding that "sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case[,]" apparently we now measure evidence sufficiency based upon what the State was hypothetically required to prove beyond a reasonable doubt, rather than what the statute, indictment, and jury charge required.

Logically and realistically, if the State is statutorily required to prove certain statutory elements, then rationally it would seem that the State is required to plead and prove those very elements, and the trial court is likewise required to submit those same required elements to the jury. There should be nothing hypothetical or theoretical about that. Evidence sufficiency review should encompass reviewing the sufficiency of the evidence to prove those required statutory elements, which should have been plead in the indictment and submitted in the jury charge.

If *Malik* provides for finding hypothetically sufficient evidence where there is in reality insufficient evidence of the required statutory elements, then *Malik* is bad law with which I dissent to; but by 6–3 vote it is law. There is no requirement that the law be good; just settled. And we can only hope that such settled law will be good.

With these comments, I concur with the Court's decision to remand this cause to the court of appeals for reconsideration in light of *Malik*.

BAIRD, Judge, dissenting.

The majority opinion remands this case because the *Benson/Boozer* line of cases were "recently overruled" by *Malik v. State*, 953 S.W.2d 234 (Tex.Cr.App.1997). *Ante*, at 46. Believing the majority overstates the holding in *Malik*, I dissent.

---

5. See Malik, 953 S.W.2d at 240–42 (Meyers, J., concurring) (claiming, among other things, that this Court should have decided the case on narrower grounds).

6. In *Malik*, a 6–3 majority of this Court expressly and deliberately overruled the *Benson/Boozer* line of cases primarily because they misinterpreted federal constitutional precedent and they resulted in a windfall to fairly tried and factually guilty criminal defendants. See *Malik*, 953 S.W.2d at 239 (evidentiary sufficiency is no longer measured by the jury charge); *Scott v. State*, 915 S.W.2d 505 (Tex.Cr.App.1996) (McCormick, P.J., dissenting to refusal of State's petition for discretionary review) (example of application of *Benson/Boozer*).

7. As set out in the dissenting opinion, the ground for review upon which we granted discretionary review in *Malik* was whether the intermediate appellate court "erred in failing to properly apply the correct standard of review in analyzing the sufficiency of the evidence." In *Malik*, this Court adopted the "correct standard of review in analyzing the sufficiency of the evidence." Therefore, we disagree with the dissenting opinion's contention that in *Malik* this "Court failed to address the ground for review this Court granted," not that this makes any difference in resolving the dissenting opinion's contention that *Malik* is "pure dicta."

In *Malik*, we granted the State's petition for discretionary review to determine: whether: "[t]he Court of Appeals erred in failing to properly apply the correct standard of review in analyzing the sufficiency of the evidence and in reversing and remanding for an order of acquittal." *Id.*, 953 S.W.2d at 240 (Baird, Overstreet and MEYERS, JJ., concurring). As pointed out in the concurring opinion in *Malik*, the "*Benson/Boozer* line of cases ... hold[s] that 'the sufficiency of the evidence is measured by the jury charge if that charge is more favorable to the defendant than the law requires and if the State fails to object.'" *Ibid.*, 953 S.W.2d at 240. However, in *Malik* the State objected. *Ibid.*

The *Malik* majority wholly failed to consider the exceptions to the *Benson/Boozer* line of cases, specifically, *Ortega v. State*, 668 S.W.2d 701 (Tex.Cr.App.1983) (When the State objects to the trial court unnecessarily increasing the State's burden in the jury instructions, the matter will be viewed as trial error on appeal.), and *Stephens v. State*, 717 S.W.2d 338, 341 (Tex.Cr.App.1986) (If the State fails to object to the higher burden in the charge, then it is assumed the State voluntarily accepted the increased burden.). The *Malik* majority ignored these cases even though the State relied upon *Ortega*, stating that since the State had objected at trial, the issue should be treated as trial error rather than a sufficiency problem. *Malik*, 953 S.W.2d at 240–241. Nowhere in *Malik* was there error raised concerning the issue when the State *does not* object.

The *Malik* Court failed to address the ground for review this Court granted, reducing the *Malik* holding into pure dicta with no precedential value. *Malik*, 953 S.W.2d at 240. *See, Tallant v. State*, 742 S.W.2d 292, 295 (Tex.Cr.App.1987) (Our review is limited to those points of error granted as grounds for review.). "Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case at hand are obiter dicta, and lack the force of an adjudication." *Black's Law Dictionary*, 541 (4th Ed.1968). Dictum, which includes expressions of opinion on a point or issue not

necessarily involved in the case, will not create binding precedent under stare decisis. *See, Boswell v. Pannell*, 107 Tex. 433, 180 S.W. 593, 597 (1915); and *Grigsby v. Reib*, 105 Tex. 597, 153 S.W. 1124, 1126 (1913). The Supreme Court has held that broad language in an opinion unnecessary for the decision cannot be considered binding authority. *Kastigar v. United States*, 406 U.S. 441, 454–455, 92 S.Ct. 1653, 1662, 32 L.Ed.2d 212 (1972) (*See also, Smith v. Orr*, 855 F.2d 1544, 1550 (Fed.Cir.1988) ("[I]t is well established that a general expression in an opinion, which expression is not essential to the disposition of the case, does not control a judgment in a subsequent proceeding.")).

Because this Court has misconstrued the precedential value of *Malik* in order to summarily dispose of this case, I dissent.

MEYERS, Judge, dissenting.

The majority vacates the judgment of the Court of Appeals and remands to that court for reconsideration in light of *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App.1997). In *Malik*, a majority of this Court held "[n]o longer shall sufficiency of the evidence be measured by the jury charge actually given.... Hence, sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Id.* at 239–40. We granted appellant's petition in the instant case on the following *five* grounds:

(1) Is it necessary to instruct the jury of the law of parties in order for the evidence to be sufficient to support a conviction based solely on party liability?

(2) Should legal sufficiency of the evidence be measured against the theory or theories upon which the case was tried instead of being measured by the application paragraph?

(3) If legal sufficiency of the evidence is to continue to be measured by the charge, shouldn't such sufficiency be measured by the whole charge, and not just the application paragraph?

(4) Should a defendant's failure to object to the charge and failure to request an instruction preclude a legal sufficiency challenge based on a charge defect?

(5) Should a finding of legally, insufficient evidence due to an erroneous charge be classified as trial error resulting in a remand for a new trial rather than an acquittal?

It is not clear to me which of these grounds for review is controlled by the stated holding in *Malik*. I guess that is what the Court of Appeals is supposed to figure out.

As expressed in my concurring opinion in *Malik*, I do not view the majority's holding there as particularly valuable in light of the facts of that case. In *Malik*, the State objected to error in the jury charge. The majority in *Malik* expressly overruled law holding that "sufficiency of the evidence is measured by the jury charge if that charge is more favorable to the defendant than the law requires *and if the State fails to object.*" Thus, the precedential value of *Malik* is questionable. But in the instant case, the State failed to object to the alleged jury charge error. If the holding in *Malik* is applied here, its precedential value will be unquestionable. This Court ought to address the issues presented.