Michael Anthony Fuller v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-019-CR

     MICHAEL ANTHONY FULLER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 26,433
                                                                                                                

O P I N I O N
                                                                                                                

      Michael Anthony Fuller was convicted by a jury of “injury to an elderly individual.”


 See
Tex. Pen. Code Ann. § 22.04(a)(3) (Vernon 1994). With the State’s agreement, Fuller withdrew
his election to have the jury assess punishment and the trial court sentenced him to five years in
prison, probated for five years, plus a non-probated fine of $5,000 and ninety days in jail. Fuller
appeals his conviction, complaining of legally-insufficient evidence and improper jury argument. 
We will reverse the judgment and enter an order of acquittal.
ISSUE PRESENTED
      Fuller’s first complaint is that the evidence is legally insufficient to sustain the jury’s verdict. 
See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). 
Specifically, he complains that there is no evidence that he caused bodily injury to Olen M. Fuller
as alleged in the indictment and charged to the jury. He argues that, because “Mr. Fuller” was
never asked to state his name and because he was only referred to as “Mr. Fuller” or “Buddy,”
there is no evidence that he is Olen M. Fuller. We agree.
      One witness testified at trial. The witness stated that he was injured when the defendant
intentionally hit him in the face with his fist. The witness never identified himself. The name of
the complaining witness is material to an indictment and must be alleged and proven. Grant v.
State, 944 S.W.2d 499, 501 (Tex. App.—Beaumont 1997, pet. granted) (citing Scott v. State, 905
S.W.2d 783, 785 (Tex. App.—Waco 1995, pet. ref’d)); Abu-Shabaam v. State, 848 S.W.2d 782,
785 (Tex. App.—Houston [14th Dist.] 1993), vacated on other grounds, 856 S.W.2d 436, 437
(Tex. Crim. App. 1993), reaffirmed, 859 S.W.2d 592, 593 (Tex. App.—Houston [14th Dist.]
1993, pet. ref’d); Gayton v. State, 732 S.W.2d 724, 724-25 (Tex. App.—Corpus Christi 1987,
pet. ref'd). In Scott v. State, the defendant was acquitted where the indictment and the charge
named Ray Gann as the complainant, but the evidence at trial showed him to be Roy Gann. 905
S.W.2d at 785. In Scott, the victim testified that he was sometimes mistaken as Ray Gann instead
of Roy Gann. Here, there is not even evidence that the testifying witness had ever been known
as Olen M. Fuller. Id. Because there is no evidence that the victim who testified was the person
alleged in the indictment, the jury was not authorized to convict Fuller of injuring Olen M.
Fuller.


 Issue one is sustained.


 We do not reach the second issue presented. Fuller’s conviction
is reversed and a judgment of acquittal is rendered. See Tex. R. App. P. 43.2(c).
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Reversed and acquittal ordered
Opinion delivered and filed May 27, 1998
Do not publish